The Illinois and St. Louis Railroad and Coal Co.

*v.*

Louis Fehringer.

Variance. Where a declaration alleges the construction of a dam by a railway company on its land adjoining that of the plaintiff, and thereby overflowing the land of the latter, and the proof shows the closing of a culvert under its road by the defendant, through which the water was accustomed to flow, this will sustain the allegation in the pleading, and there will be no variance.

Appeal from the Circuit Court of St. Clair county; the Hon. William H. Snyder, Judge, presiding.

This was an action on the case, by the appellee against the appellant. A trial was had, resulting in a verdict and judgment of $465 for the plaintiff.

Messrs. G. & G. A. Kœrner, for the appellant.

Mr. C. F. Nœtling, and Mr. R. A. Halbert, for the appellee.

Mr. Justice Dickey delivered the opinion of the Court:

This was an action by appellee against appellant, wherein plaintiff in his declaration alleged that he was the owner, and possessed of certain lands, and defendant was possessed of certain adjoining lands, over which the water from plaintiff's land naturally flowed, and that defendant, in 1871, "did make and construct a certain earthen dam, on defendant's premises, across the channel of said natural flow of said water so flowing from plaintiff's premises, and that by reason of said dam, water from plaintiff's land could not naturally flow off, and the land of plaintiff was thereby overflowed," etc., by means whereof plaintiff's crops were lost and destroyed.

Defendant pleaded the general issue and the statute of limitations. The jury rendered a verdict for plaintiff, and judgment was entered on the verdict.

On the trial plaintiff offered evidence tending to show that long before 1871 the defendant had constructed on its own land a railroad embankment across the natural course of the surface water escaping from plaintiff's premises, and constructed a culvert under the embankment, through which the water from plaintiff's premises was accustomed to escape, until the year 1871, when defendant, by depositing earthy material on the sides of said embankment, closed up the culvert so that the water could not escape by this channel, and was thereby thrown back upon plaintiff's land, and by reason thereof overflowed plaintiff's land and injured his crops.

The defendant insisted that this proof was variant from the allegations in the declaration, and asked the court to instruct the jury that, "proof that the company had stopped up a culvert heretofore existing, is not proof of the facts alleged by plaintiff, and the latter can not recover."

The court refused the instruction, and of this appellant complains.

We think the proof tended to sustain the allegations. If, by closing up the culvert, the defendant converted the old embankment into a dam, which, with the culvert open, did not operate as a dam, this was, in substance, constructing a dam, and no just objection would lie to this proof upon the ground of a variance.

It is also insisted that the verdict is against the weight of the evidence. There were some contradictions in the testimony, but we find no sufficient ground for setting aside the verdict. The judgment is affirmed.

*Judgment affirmed.*